*United States District Court*

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
NOV 22 2005
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender    Quitugua, Ricky Acfalle           Case Number: CR 98-00123-001

Name of Sentencing Judicial Officer:    John S. Unpingco

Date of Original Sentence:    February 2, 1999

Original Offense:    Possession with Intent to Distribute Crystal Methamphetamine, also known as "Ice", violation of 21 U.S.C. § 841(a)(1)

Original Sentence:    51 months imprisonment followed by four years supervised release with special conditions that the defendant submit to random urinalysis testing as instructed by the Probation Office, participate in drug treatment with urinalysis, perform 200 hours of community service, obtain and maintain gainful employment, and pay a $100 special assessment fee.

Type of Supervision:    Supervised Release    Date Supervision Commenced:    March 22, 2002

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from the use of alcohol;

2. The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office and that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office; and

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 8 drug tests per month, as directed by the probation officer.



Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

*(Please see attached Violation Report,
Request to Modify Conditions of Supervised Release, by U.S. Probation Officer Robert I. Carreon)*

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 11/17/05

Respectfully submitted,

by: ROBERT I. CARREON
U.S. Probation Officer

Date: 11/17/05

### THE COURT ORDERS

- [ ] No Action
- [ ] The Extension of Supervision as Noted Above.
- [x] The Modification of Conditions as Noted Above.
- [ ] Other     Issuance of a:  [ ] Summons   [ ] Warrant

ROBERT CLIVE JONES, Designated Judge
~~Signature of Judicial Officer~~

NOV 19 2005
Date

RECEIVED
NOV 18 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

I agree to the modification of my supervised release conditions to include the following conditions:

1. The defendant shall refrain from the use of alcohol;

2. The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office and that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office; and

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 8 drug tests per month, as directed by the probation officer.

Witness: __Robert I. Carreon__          Signed: __Ricky Acfalle Quitugua__
U.S. Probation Officer                             Probationer or Supervised Releasee

__11/02/05__
Date

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 98-00123-001 |
| Plaintiff, | ) | |
| | ) | **VIOLATION REPORT** |
| vs. | ) | |
| RICKY ACFALLE QUITUGUA | ) | |
| Defendant. | ) | |

Re: **Request to Modify Conditions of Supervised Release**

Ricky Acfalle Quitugua was sentenced on February 2, 1999 for Possession with Intent to Distribute Crystal Methamphetamine, also known as "Ice", violation of 21 U.S.C. § 841(a)(1). He is alleged to have violated the following conditions of supervision:

**Mandatory Condition** *The defendant shall not commit another federal, state, or local crime.* On October 25, 2005, Ricky Quitugua reported to the U.S. Probation Office to inform that he was arrested and charged by the Guam Police Department (GPD) on October 24, 2005 for Family Violence. The GPD arrest report (#05-23350) revealed that Mr. Quitugua's significant partner, Mary Nolte, called police for assistance on October 22, 2005 at approximately 11:30 p.m. Ms. Nolte reported that at approximately 10:30 p.m., she was awakened by Mr. Quitugua whom she noted was drunk. He confronted her about why she didn't accompany him to the party. She escorted him out of the bedroom and into the living room in order not to wake her children. Ms. Nolte stated that she informed Mr. Quitugua that she was afraid to talk to him because he was drunk. Mr. Quitugua then punched her in the mouth with his right hand. The couple wrestled to the ground as Mr. Quitugua pulled her hair with one hand and attempted to choke her with the other hand. Ms. Nolte broke free and left the residence to call for police. She informed officers that she didn't want Mr. Quitugua coming around anymore. Police noted redness/swelling of Ms. Nolte's lips. She refused treatment, however.

VIOLATION REPORT
Request to Modify Conditions of Supervised Release
Re: QUITUGUA, Ricky Acfalle
USDC Cr. Cs. No. 98-00123-001
November 17, 2005
Page 2

On October 24, 2005 at approximately 2:00 a.m., Mr. Quitugua reported to the Dededo Precinct intending to clear the record. He provided a written statement confirming events generally outlined above, but denied punching Ms. Nolte. He admitted to holding both her shoulders as they wrestled to the ground and acknowledged that her hair may have gotten caught in the process. Mr. Quitugua also admitted to drinking three beers at a party on the evening of the incident.

In reporting the incident to the probation officer on October 25, 2005, Mr. Quitugua restated his admission to consuming beer and restraining Ms. Nolte by the shoulders in an attempt to quiet her down. He stated that after they separated, he immediately left the residence to "cool off" at his ranch. Mr. Quitugua stated that he returned to Ms. Nolte the following morning (October 23, 2005) and they reconciled. He stated that they reported together to the police department to clear the record only to be arrested by officers.

On October 25, 2005 Ms. Nolte was contacted by the probation office and she confirmed the events outlined in the police report. She recanted, however, her report that Mr. Quitugua punched her in the mouth. She confirmed that they have reconciled.

Mr. Quitugua's arrest appears under Superior Court of Guam (SCOG) docket number CM9781-05. A copy of the Magistrate's Complaint reflects that Mr. Quitugua is charged with Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). He was released on an unsecured $1,000 bail bond and subject to pretrial supervision with the Superior Court of Guam Probation Office. Among his release conditions, he is to stay away from the victim in this case, Mary Nolte, refrain from possessing firearms, refrain from consuming alcohol, and report monthly to the SCOG probation office. The Court set a Further Proceedings hearing for November 9, 2005.

On November 2, 2005, Mr. Quitugua reported to the U.S. Probation Office as instructed. For his violation conduct outlined above, he waived his statutory right to a hearing and assistance of counsel in favor of the modifications outlined as follows:

1. The defendant shall refrain from the use of alcohol.

2. The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office and that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 8 drug tests per month, as directed by the probation officer.

VIOLATION REPORT
Request to Modify Conditions of Supervised Release
Re: QUITUGUA, Ricky Acfalle
USDC Cr. Cs. No. 98-00123-001
November 17, 2005
Page 3

**Supervision Compliance:** Except as outlined above Mr. Quitugua is in full compliance with his conditions of supervised release. He completed the drug treatment program on May 12, 2003, and completed the 200 hour community service order on May 28, 2003. He maintains employment at his family's business, Q's Ranch, and he paid the $100 special assessment fee on November 23, 2001.

**Recommendation:** Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. The modifications are intended to ensure Mr. Quitugua refrain from further abuse of alcohol as well as provide him with any necessary family counseling and anger management. Accordingly, further disposition on SCOG CM9781-05 will be reported to the Court.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: AUSA
Defense Counsel
File